UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    CRIMINAL NO. 09-20353-5
                       Plaintiff,            HON. PATRICK J. DUGGAN
v.


D-5    JAVIER GONZALEZ -LOZA

                       Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES THE UNITED STATES OF AMERICA, by its undersigned attorneys, BARBARA L. MCQUADE, United States Attorney, and WAYNE PRATT and TERRENCE R. HAUGABOOK, Assistant United States Attorneys, and states the following in support of its Sentencing Memorandum.

## I.  PROCEDURAL BACKGROUND

On May 14, 2009,  DEA began court authorized interceptions of co-defendant Francisco Hernandez's phone. On May 19, 2009, agents intercepted a call between co-defendant Hernandez and co-defendant Demecko Motten wherein the two discussed a 2 kilogram cocaine transaction. Motten was later observed delivering approximately $62,500 to Hernandez for the transaction. On May 23rd and 26th, co-defendant Hernandez was intercepted in conversations with co-defendant Rosa Orozco wherein the two discussed defendant Hernandez placing a safe in her home for her to store Hernandez's drug proceeds.

On May 28th, agents intercepted a call wherein co-defendant Hernandez and co-defendant Bradley Jorge Atan discussed a $30,000 cocaine related debt owed by Atan to Hernandez. On June 3rd, agents intercepted a call between co-defendant Hernandez and co-defendant Orozco wherein

Hernandez informed her that he was going to Chicago to meet a drug supplier and the need for her to store and count the drug proceeds. Agents established surveillance of Hernandez and observed him meeting with defendant Javier Gonzalez-Loza, in Chicago, along with co-defendant Eduardo Campos-Contreras.

Around the early part of June 2009, agents intercepted calls wherein co-defendant Hernandez, in coded conversations, alerted co-defendants Motton, Hugo Saldana, and Atan of the impending arrival of cocaine from Chicago, Illinois on either June 8th or June 9th. On June 9th, agents setup surveillance along Interstate 94 and co-defendant Contreras was observed driving a green 1996 Passat in Berrien County Michigan. A subsequent traffic stop and consensual search of the vehicle, after co-defendant Contreras gave conflicting information about his travel, revealed 10 kilograms of cocaine secreted in the rear bumper of the car and packaged in 10 individual bricks. On June 10th, agents intercepted co-defendant Hernandez's phone wherein he discussed the seizure with co-defendants Saldana, Atan, and Jorge Lopez-Lopez. Undaunted by this seizure, on June 22, 2009 agents intercepted a call wherein co-defendant Hernandez and defendant Javier Gonzalez-Loza discussed the intercepted shipment and planned another shipment.

On July 20, 2009, agents intercepted a call between co-defendant Hernandez and defendant Gonzalez-Loza wherein defendant Gonzalez-Loza informed Hernandez that his vehicle was loaded with a shipment of narcotics for Detroit, Michigan. Agents' subsequent surveillance spotted co-defendant Hernandez traveling from Chicago to Detroit. Upon getting closer to Detroit, co-defendant Hernandez made an intercepted call wherein he notified co-defendant Motton of the impending arrival of the drugs. Agents stopped the vehicle in the Romulus, Michigan area. A subsequent search of the vehicle revealed approximately 4 kilograms of cocaine secreted beneath

the seat cushions of a Mercury Mountaineer vehicle driven by co-defendant Lopez-Lopez.

In post-arrest mirandized statements, defendant Hernandez indicated he received the drugs from co-defendant Gonzalez-Loza and verified that co-defendant Campos-Contreras' June 9th cocaine cache was being transported for Hernandez. Defendant Hernandez further indicated that Campos-Contreras had made 4 prior drug transportation runs carrying about 5 kilograms per run. Co-defendant Lopez-Lopez indicated in a post-arrest mirandized statement that he knew drugs were in the vehicle and admitted assisting co-defendant Hernandez.

## II.  THE RELEVANT 3553(a) FACTORS

For the reasons detailed below, including Defendant's prior criminal history and the seriousness of the instant conduct, the government recommends a sentence within the guideline range of 70-87 months, as determined in the Rule 11 agreement.

A sentence within the guideline range of 70-87 months imprisonment appropriately takes into account the factors Congress identified in 18 U.S.C. §3553(a), as the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary."   Section 18 U.S.C.§3553 provides:

(a) Factors to be considered in imposing a sentence.–The court shall impose a

sentence sufficient, but not greater than necessary, to comply with the purposes

set forth in paragraph (2) of this subsection.  The court, in determining the

particular sentence to be imposed, shall consider–

(1) the nature and circumstances of the offense and the history and
characteristics of the defendant;

(2) the need for the sentence imposed–

3

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for–

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

(I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement–

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

A.     The Advisory Guideline Range

Despite being advisory, the Guidelines remain an important factor under section 3553(a) in fashioning an appropriate sentence. As the Supreme Court noted in *Rita v. United States*, 551 U.S. 338, 345 (2007). "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives."

Here the parties' Rule 11 agreement contemplated a guideline range of 70-87 months in custody. This range encompasses the nature of the crime committed by defendant Gonzalez-Loza in light of his prior cocaine related conviction.

B.     The 3553(a) Factors

According to ¶¶46-47, and 49, of the Pre-Sentence Report (PSR), the defendant- who himself had previously succumbed to the devastating addictiveness of cocaine and received a felony conviction as a result- perpetuated , if not created, the cocaine addiction of untold others. The defendant became involved in a cocaine conspiracy that trafficked in large amounts of cocaine. As a result, large amounts of cocaine were being trafficked in order to be sold to untold others who were struggling against, if not starting, their own cocaine addiction. This can only be classified as selfishness, at the least, or indifference at the most. Against the backdrop of his own experiences with cocaine, and impecunious upbringing, the defendant participated in this conspiracy in return for  remuneration either in the form of money or narcotics. Either way, it

5

was all for the defendant's personal benefit. In all likelihood, but for the government's

investigation, the defendant's participation in the conspiracy would've continued unabated.

Looking at the history and characteristics of the defendant, in ten years since termination

of probation for his first cocaine related felony conviction at the age of twenty(PSR at¶47), the

defendant is now thirty-two years old and has incurred yet another felony cocaine conviction. It

is the government's position that this is a classic example of recidivism. The instant felony

cocaine conviction is at the top of the cocaine felony food chain as it now involves trafficking

rather than mere possession.

### III.  CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that the Court

accept the Rule 11 and sentence defendant in accordance with, and within, the applicable

guideline range, as determined by the Rule 11, which is 70-87 months.

Respectfully submitted,
BARBARA L. MCQUADE
United States Attorney

S/WAYNE PRATT
S/TERRENCE R. HAUGABOOK
Assistant U.S. Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Email:wayne.pratt@usdoj.gov
          terrence.haugabook@usdoj.gov

Date: October 14, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2011, I filed the foregoing document which will send notice to the following ECF participant:

Gerald K. Evelyn, Esq.
535 Griswold, Ste. 1030
Detroit, MI 48075
Email:geraldeverlyn@yahoo.com

S/WAYNE PRATT
S/TERRENCE R. HAUGABOOK
Assistant U.S. Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Email:wayne.pratt@usdoj.gov
      terrence.haugabook@usdoj.gov

Date: October 14, 2011